IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CASE NO. 6:25-CR-00026-H-BU |
| VICTOR ALFONSO TORRES-ROMAN (1) | § | |

## REPORT AND RECOMMENDATION ON PLEA OF GUILTY
## BEFORE UNITED STATES MAGISTRATE JUDGE

Defendant, VICTOR ALFONSO TORRES-ROMAN (1), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), appeared with counsel before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure.

Defendant was placed under oath and personally examined in open court by the undersigned concerning the subjects in Rule 11(b)(1) and the undersigned determined that Defendant understood each subject.

Defendant pleaded guilty, under a plea bargain agreement with the government, to Count One of the one-count Indictment charging Defendant with a violation of 8 U.S.C. § 1326(a) and 6 U.S.C. §§ 202(3), 202(4) and 557 Illegal Re-Entry After Deportation. After examining Defendant under oath, the undersigned magistrate judge finds the following:

    1. Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

    2. Defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

    3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States District Judge has the power to review my actions and possesses final decision-making authority in this proceeding.

## WAIVER OF 14-DAY OBJECTION PERIOD

Defendant understands that he has fourteen (14) days to file any objections to this Report and Recommendation under 28 U.S.C. 636(b)(1)(B). After consulting with counsel, Defendant has elected to waive the objection period and signed a written waiver to that effect. During rearraignment, the undersigned examined Defendant on his decision to waive the objection period and found that it was knowingly and voluntarily made. Defendant understands that the waiver allows the United States district judge to immediately enter an order on the Report and Recommendation, but it does not entitle Defendant to an expedited consideration of the Report and Recommendation by the District Judge. The Government has also filed a waiver of the 14-day objection period. Thus, the undersigned further recommends that the District Judge accept the Parties' waiver of the 14-day objection period and proceed directly to a consideration of this Report and Recommendation.

## WAIVER OF PRESENTENCE INVESTIGATION AND REPORT

Defendant also understands that the Probation Officer assigned to his case must conduct a pre-sentence investigation and submit a pre-sentence report unless, relevant here, the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the Court explains its findings on the record. *See* Fed. R. Cr. P. 32(c)(1)(A)(ii). After consulting with counsel, Defendant also filed a waiver of whatever rights he may have to a full pre-sentence investigation and report. In this connection, Defendant represents that the information reflected in the plea agreement and discovery in this case, together with a Guideline Worksheet, will provide sufficient information to enable the Court to meaningfully exercise its sentencing authority. The undersigned examined Defendant and found the waiver of the pre-sentence investigation and report was knowingly and voluntarily made, and the Government did not oppose. Thus, the undersigned further recommends that the District Judge accept Defendant's waiver of a full pre-sentence investigation and report, proceed directly to sentencing with the information in the record and a Guideline Worksheet, and make the findings required by Rule 32(c)(1)(A)(ii) on the sentencing hearing record.

The Clerk will furnish a copy of this Order to each of attorney of record.

Signed on: 5th day of August, 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE